
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUEZHEN YANG, AKA Yue Zhen Yang, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72898 <br><br> Agency No. A099-399-966 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Yuezhen Yang petitions for review of the Board of Immigration Appeals'

decision denying her claims for asylum, withholding of removal, and protection

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture. We deny the petition. Because the parties are familiar with the history of this case, we need not recount it here.

Substantial evidence supports the adverse credibility determination. Under the REAL ID Act, an inconsistency can support an adverse credibility finding even if it does not go to the heart of the claim. *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). Here, Yang testified that she did not organize a protest until May 2005, well after her firing. But an August 2004 letter stated that factory officials were firing Yang because she was detained for organizing sit-in demonstrations. The immigration judge (IJ) considered Yang's explanation for this inconsistency and concluded that Yang did not explain the discrepancy. Yang's explanation that a factory leader concocted a reason to fire her that directly corresponded to events that occurred nearly a year later was neither reasonable nor plausible. Therefore, the IJ did not need to discuss her reasons for rejecting the explanation in greater detail. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011) (IJ did not need to offer "express, point-by-point rejection" when petitioner "did not offer a reasonable and plausible explanation for the discrepancies"). Given this inconsistency, and in light of the total circumstances, the agency's adverse credibility determination was reasonable. *Shrestha*, 590 F.3d at 1044. Absent credible testimony, Yang could not establish her eligibility for asylum or

withholding of removal.  She submitted no additional evidence that would compel

the conclusion that she is entitled to relief under Convention Against Torture.

**PETITION DENIED.**